ALBANY,
Jan. 1835.

The People
v.
Commission-
ers of High-
ways of Red-
hook.

THE PEOPLE, *ex relatione* Hawver and another, *vs.* THE COMMISSIONERS OF HIGHWAYS OF REDHOOK.

*In the laying out of a road by* commissioners of highways, *it is sufficient in the* survey *of such road to run a* single line, *which will be intended as the* centre *of the road, and a specification of the quantity of land which the road will take from each proprietor over whose grounds it passes, will ascertain its* width.

The relators obtained an alternative *mandamus*, directing the defendants to *open* a certain road which had been laid out by their predecessors, or to show cause, &c. The mandamus stated the laying out of the road, and described it by giving the place of its beginning, designating its corners and distances, to the point of termination, specifying its length over the land of each proprietor, and the quantity of land of each proprietor which would be occupied by the road when opened; but it described only a *single line.* The commissioners made return, acknowledging the laying out of the road by their predecessors, but saying that they could not determine, from the record of its laying out how it should be located; that although they were able to infer its intended width from its length, and the quantity of land contained in it, yet they could not determine whether the course run was the *centre* or the *east* or *west* side of the road, so as safely to cause it to be opened without subjecting themselves to an action of trespass. To this return the relators demurred.

*I. L. Wendell,* for the relators.

*M. T. Reynolds,* for the commissioners.

*By the Court,* SUTHERLAND, J. Where, in the laying out of a road by commissioners, a single line is run, it must be intended to be the centre of the road, unless something appears on the record of the commissioners to show that such was not their intention; and whereas in this case the quantity of land which the road will take from each proprietor over whose land

it passes is specified, the width of the road is ascertained by a simple calculation.　The case of *Herrick* v. *Stover* 5 *Wendell*, 580, is in point, and shows that the survey was sufficiently specific, to enable the commissioners to locate the road.　The demurrer is therefore well taken, and the plaintiffs must have judgment upon the demurrer, and a peremptory mandamus must issue.