Nelson, Ch. J.
By the Court, It abundantly appears from the return that the three judges met and deliberated upon the proceedings had under the appeal, and the decision, therefore, of the two is valid, and binding. It has been decided by this court, as a general principle, that where an authority is conferred upon three, a majority may act. Although the written order or determination, does not recite that the third was present and participated in the proceeding, or had notice and refused, the court will presume the fact, till the contrary is shown. 17 Johns. R. 461. 9 Wendell, 17.
The first certificate of the judges in laying out the road, I am of opinion, was a substantial compliance with the statute in form. The description required is by “ routes and bounds, and by courses and distance.” 1 R. S. 511, § 67, 2d ed. The two termini are here given, together [ *327 ] with the courses and distances, and several intermediate *bounds. There can be no possible difficulty in tracing the route as marked upon the ground, or finding and marking it anew from the description given. Though it may be necessary to fix a bound at the end of each course, upon the ground (which was done here) as a guide to the officers in opening and working the road, it would be useless to specify them in the certificate ; they must usually disappear when the road is opened. If the termini are given with the courses and distances, the skill of a surveyor can at any time determine the route. This description affords durable record evidence.
Some trifling errors have occured in the description, as given in the first certificate, comparing it with the amended one ; but the rule de minimus, &c. might, I think, be justly applied to most of them. The one at the starting point of the road is probably material, and might lead upon the courses and distances as given to the location of a route different from that laid out, and the remark is perhaps applicable to one or two of the courses *327 and distances. But I perceive no objection to the amendment made. The reversal of the order of the commissioners and determination to lay out the road were quasi judicial acts, and could not be reviewed or altered by the judges ; but maJdng up the record of the proceedings was ministerial. It would be strange if a slip in doing so must be fatal. In the administration of justice in courts of record, it is a matter of course to amend clerical' errors; indeed, there is scarcely a paper or record in the proceedings there, but at this day is amendable. Absolute accuracy is beyond human care and power; and the most intolerable .confusion and mischief would ensue a denial of this right there, or in all like proceedings. It is argued that it would be dangerous to allow these officers to overhale and alter ¿he records : but some confidence must necessarily be reposed in- them and all other officers ; we are not to deny them the exercise of a necessary power in the discharge of their duties, for fear they may abuse it. No such suspicion is indulged when they are sitting in their own court, and why should it be indulged here. Besides, I do not see that any useful or different end would be attained *by refusing to amend arid setting aside the certificate. [ *328 ] The adjudication reversing the order of the commissioners and the order of the judges laying out the road' would remain valid and the judges might be required to make up and file a new record.
But there is another view of the case that, in my judgment, is decisive in favor of the defendants in error. If the amendment is to be regarded as made without authority, and rejected, then the first certificate stands alone. The second is but blank paper entitled to no more consideration than if made by strangers- to the proceedings, arid thrust into the town clerk’s office. If this be so, then there is nothing before us impeaching the correctness or regularity of the first order. It is only by comparing it with the amendment, that any discrepancy from the actual route can be detected. No such admission is made by the judges, except as.derived from this comparison.
I am, however, satisfied the amendment should be sustained, and the proceedings affirmed on that ground.
Proceedings affirmed.