## SUPREME COURT.

### ROGERS agt. RUNYAN AND OTHERS.

Where, in March, 1849, application was made to the commissioners of highways to lay out a certain road in the town, which they refused to do; and on an appeal the defendants were appointed referees under the statute to hear and act upon the appeal, who, on the 31st of July, 1849, made a final order reversing the order of the commissioners and directing them to proceed to lay out the road—*held*, that the referees, without any new order or appointment, some four years afterward, (January 15, 1854,) assuming to go on and complete the laying out of the road, could not do that; because their power and jurisdiction over the matter had gone. Besides, the laying out of the road was a duty assigned by statute to the commissioners.

*Utica Special Term, March,* 1854. It appears from the complaint that in March, 1849, an application was made to the commissioners of highways in the town of Plainfield to lay out a certain road in that town. That the commissioners refused to lay out the road, and thereupon an appeal was taken from this order; and that defendants, having been appointed referees

under the statute, to hear and act upon the appeal, duly met and organized on the 29th day of July, 1849, and on the 31st of that month made an order reversing the order of the commissioners of highways, and directing them to proceed to lay out the road applied for.

The plaintiff alleges that this was their final order and determination, and was treated as such by them; and that, after making and filing the same, they adjourned without day. The complaint then alleges that on the 15th of January, 1854, the defendants again assumed to act as referees, without any new order or appointment, and proposed to proceed and lay out the road. That he is the owner of the land through which it is proposed to be run, and that it will be an injury and damage to him to have the road laid out, and he prays for an injunction restraining the proposed action of the defendants.

GEO. W. GRAY, *for Plaintiff.*
JAMES HYDE, *for Defendants.*

BACON, Justice. The question raised by the demurrer in this case is, whether the jurisdiction of the defendants, in the matter of laying out the road in question, terminated with what purported to be the final action taken by them in July, 1849, or whether, after the lapse of some four and a half years from such action and determination, they can reassemble, under their original appointment, assume their jurisdiction over the subject matter, and complete what is alleged to have been left " *Re infecta.*"

The demurrer admits all of the facts alleged, and this brings up the question whether the power of the defendants, under their original appointment, was not terminated with the order of the 31st of July, 1849. The defendants undoubtedly mistook the powers possessed by them and referred to the commissioners, to go on and complete the laying out the road, a duty which by statute was confided to them. But having voluntarily abdicated their powers, and, in effect, terminated their existence, by making what purported to be their final order, and adjourning without day, I am of the opinion that they can not now resume their abandoned jurisdiction, and proceed to adjudicate upon a state

of facts, which may be materially different from those which existed when the appeal was originally taken, and upon the rights of the parties, which may be far more seriously affected than they would have been had the action of the referees now contemplated been taken four years and a half ago. New interests and new improvements may have since grown up and been developed, which may make that quite inexpedient and perchance deeply prejudicial, which originally might have encountered no such obstacles and been attended with no such results. There appears to be an entire absence of any direct authority on this question, and I am left to decide it upon such considerations as seem to me pertinent to the case.

In the case of Woolsey agt. Tompkins, (23 *Wend.* 324,) cited by defendants' counsel, it is indeed held that where judges have filed their final order laying out a highway, they have power afterward to correct any error in the description of the road; but it is put upon the ground that the making up of the certificate is a mere ministerial act, and that in the administration of justice it is a matter of course to amend clerical errors; but in the same case it is said that the reversal of the order of the commissioners is a quasi judicial act, and therefore could not be reviewed or altered by the judges. The power of the referees in this case was a special and limited one. They were to hear and determine the appeal. This they assumed to do when they met and reversed the order of the commissioners.

This exhausted their powers, and the act being "quasi judicial," could not afterward be reviewed or altered by the same body which by its action professed to decide the matter committed to their adjudication, and, by adjourning without day, terminated their existence.

In Jones agt. Crawford (1*st John. Cases,* 20) the court say, it is a clear and salutary principle, that inferior jurisdictions, not proceeding according to the course of the common law, are confined strictly to the authority given them, and can take nothing by implication.

It is safer to hold that the authority given to the defendants was exhausted by the action taken by them under and in pursu-

ance of the authority thus imparted, than to assume that, at any distance of time and under any change of interests, they could revive their abrogated power, and review what was on all sides deemed to be a final adjudication. There is nothing to prevent the institution of new proceedings, when the rights and interests of all parties can be duly represented and legally passed upon.

There must be judgment for plaintiff on the demurrer, with leave to defendants to answer on payment of costs.