The points made by the appellants, to which it will be necessary to refer, are as follows: First, it is said that the application was for laying out two roads, the one west of the existing highway on which the new road was proposed to be laid, and the other cast of it, and being the easterly end of the proposed road. In confirmation of this argument the appellants refer to the two orders of the commissioners refusing to lay out the road, and insist that such orders were *Page 362 
decisions upon an application for two separate roads. This proceeding they insist is illegal. The relator insists that there was but one application for a single road, and that the one order was a correction of a former order on the same determination. This proposition involves a question of fact rather than of law, and cannot properly come before this court. The judge at the Special Term held that there was but a single application, and that it was for one road only, and not for two roads. The General Term were of the same opinion. If our opinion differed from this, it would be of no avail, as we have no jurisdiction over a question of fact thus presented. I entertain no doubt, however, that the court below were correct in their opinion. The applicant desired a road to be laid out and opened, which should commence at the bottom of the Morris hill, run to the Jamesville road, then along that road to the Greenfield crossing, thence over the lands of owners named to its termination, and all as one road and one proceeding. The applicant evidently supposed that it was legitimate to include a portion of the old highway in his proposed road, and did so include it. The making and filing of two orders by the commissioners is naturally explained by the fact appearing upon their face that the one is a correction of the other, in reciting that the commissioner who did not concur, had been notified and taken part in the proceedings. There was but one determination by the commissioners, and but one review and decision by the referees.
The validity of the proceeding is attacked, in the second place, upon the ground that the proposed road included a portion of a highway already in existence. The counsel for the appellants, in his first point, says: "It may be conceded that a new highway may intersect an old one, follow it for a considerable distance, and then resume its course. This may happen when it is apparent that the two parts, although disrupted for a short distance, were intended as one continuous route; but the identity must remain." It is difficult to deny the power of the commissioners to lay out a new road which, in its course, crosses an existing highway. To cross it would occupy three or four or six rods of the old road. If it may *Page 363 
be occupied to that extent in crossing, it may be occupied to the same extent in a lengthwise direction. There is no more of sanctity in a road, in the direction of its length, than in that of its breadth. If it may be occupied for four rods, where is the principle which prevents its occupation for eighty rods, or for a hundred and sixty, as in the present instance? When the appellants concede that the new road "may intersect the old one, follow it for a convenient distance, and then resume its course," I think the whole question is conceded. The power being admitted, it becomes a question for the commissioners, in the first instance, and for the referees upon the appeal, to determine what is a convenient or suitable distance for the occupation of the old road, and when it becomes suitable and proper that the new course should be resumed. Each case will depend upon its own facts, arising from the nature of the ground, the amount and course of travel present and prospective, the character and directions of the existing avenues, the expenses to be incurred or diminished, and numerous other circumstances properly within the judgment of the commissioners or referees. No two cases can be exactly alike; and it is the object of the statute to submit all these questions to the determination, first, of the public officers of the town, and, next, to the revision of three freeholders from adjoining towns having no interest in the subject-matter, to whom it is intrusted as referees. The judgment and discretion of these tribunals is conclusive, unless some rule of law has been violated in reaching their conclusion, or there has been some dereliction of duty. In the present case, nothing appears which would justify us in interfering with their action upon the point now under consideration.
It is further insisted this judgment should be reversed, because, as it is alleged, there has been no survey of the entire road, and that it is not all laid out by courses and distances. I do not discover any evidence in the case that there has not been a survey of the entire road. A part of it is described by courses and distances, and a part of it by reference to a substantial monument, to wit, a public highway. *Page 364 
It would be quite forced, to infer as a legal result that the part described by monuments had not been surveyed. The commissioners are required, if they determine to lay out a highway, "to make out and subscribe a certificate of such determination, describing the road so laid out particularly, by routes and bounds and by its courses and distance, and to deposit the same with the town-clerk." (1 Rev. Stat. 515, m [474 Statutes at Large], § 63.) This section regulates the action of the commissioners, and does not in terms apply to the referees appointed by another statute. It regulates their action only in the event of their determining that the highway shall be laid out, and that determination was not made in this case. I think it may be said also, that the referees have fairly complied with this provision, assuming that it was intended to govern their action. A highway is a monument, as well recognized, as permanent, and as intelligible, as a river, a bridge, a mountain or a building. It is more permanent, less liable to become confused or varied by the lapse of time, than a location based upon measurements of a surveyor, and the present indications of the mariner's compass. A description by reference to an established highway, is a description by "routes and bounds," and a sufficient compliance with the statute, if this provision should be deemed to be imperative rather than directory. (Woolsey v. Tompkins, 23 Wend. 324; People v. Taylor, 34 Barb. 481; People v. Shepherd, 36 N.Y. 285.) It is not required that every portion should be laid out by measurements and courses, but a portion may be thus described, and other portions may be designated by other permanent bounds, routes or monuments.
The width of the road was sufficiently declared by the reference to the application and the adoption of its terms. (Carris v. Commissioners, 2 Hill, 443; People v. Nevins,
1 id. 154; Jackson v. Freer, 17 Johns. 29.)
Judgment should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 365