DANIEL HOWARD and FERRIS P. HURD *v.* ARCHIBALD ROBBINS
and GEORGE E. BARTLETT.

(GENERAL TERM, SIXTH DISTRICT, JULY, 1869.)

Every encroachment upon a public highway is not a nuisance.

An encroachment, which does not prevent the use of the highway for its ordinary purposes, is not, as such, a nuisance.

Nor have the trustees of the village of Watkins, by the charter of that village (§ 4, tit. 4, ch. 125, Laws 1861), power to declare that a nuisance, which, by law, is not recognized as such.

Accordingly, where said trustees, proceeding in the manner directed by said charter, declared an encroachment on one of the village streets to be a nuisance, and the defendants, being thereupon deputed by them so to do, removed it; and in an action by the owner to recover damages for such removal, the evidence did not establish a nuisance in fact.—*Held*, defendants were not protected by the determination and direction of the trustees.

It seems, where an encroachment on a highway constitutes a nuisance, it may be abated to that degree only which will enable the public to enjoy the right of way.

Howard *v.* Robbins.

THIS action was for damages caused by the defendants in tearing down and removing some six and a half feet of a building belonging to the plaintiffs, and which had encroached, to that extent, upon a street in the village of Watkins sixty-six feet in width.

The trustees of the village had declared the encroachment to be a nuisance,* and the defendants had been appointed a committee to remove it, which they did by virtue of such authority and because the encroachment was in their judgment a nuisance.

The jury were instructed to assess the plaintiffs' damages and find a verdict for the amount assessed. The defendants' exceptions were ordered heard at General Term, and this was a motion for a new trial upon such exceptions.

*J. J. Van Allen*, for the defendants.

*R. H. Marriott*, for the plaintiffs.

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BOARDMAN, J. The positions taken by the defendants are: 1st, that such encroachment is *per se* a nuisance which any person may remove; 2d, that the action of the trustees of the village of Watkins, under their charter, declaring such encroachment a nuisance, was, under the cir-

---

* The provision of the village charter, under which the trustees acted, is as follows, viz.: "§ 4. The said trustees shall have power to determine upon view, or upon testimony of witnesses (who may be examined on oath before them, such oath to be administered by any one of said trustees), whether any building,      *      *      *      *      *      *      or any other structure, substance, or thing whatever, within said village, is a nuisance, upon two days notice to the owner or occupant of the same, and to abate the same by causing it to be removed, and shall have full power to enter upon the premises upon which the same is situated, and cause the same to be removed; and may also impose a penalty by any ordinance of said village, in respect to any such nuisance, and enforce the same; but all such determinations shall require a concurring vote of two-thirds of all the trustees of said village.

cumstances, conclusive evidence of the fact, and justified its removal by defendants as the agents of said village.

Neither of these positions is tenable.

It is not pretended that this encroachment prevented the use of the street for its ordinary purposes. It was not, therefore, an obstruction constituting a nuisance. (*Peckham* v. *Henderson*, 27 Barb., 207, 211, 212; *Griffith* v. *McCullum*, 46 id., 561; *Harrower* v. *Ritson*, 37 id., 301.) Every encroachment upon a public highway is not a nuisance. The evidence in this case does not establish such an obstruction as to constitute a nuisance. Nor have the trustees, by virtue of their charter (Laws of 1861, chap. 125, title 4, sec. 4), authority to declare that a nuisance which is not so in fact or in law. If they possessed that power they might make a crime and designate the criminal where the laws recognized neither, for one who maintains a nuisance is liable to indictment. They must act at their peril and within the law. So long as they so act their decisions can be enforced. But they are not beyond the law, and the law cannot be subverted by any adjudication of theirs. (*Hoffman, mayor, etc.,* v. *Schultz and others*, 31 How., 385.) Every person who assumes to judge of and remove an obstruction to a highway upon the ground that it is a nuisance, does so at his own risk. If he misjudges, he is liable for the damages; if he is right, the law will uphold him. The action of the village of Watkins in its corporate right and by its agents is subject to the same rule. No power is given it to create and declare that a nuisance which by law is not recognized as such. Even if this encroachment were a nuisance, it would justify only such a degree of abatement as would enable the public to enjoy the right of way. (37 Barb., 301.)

In doubtful cases other modes are provided for determination of mutual rights. Such modes should be pursued where each party may be fairly heard and the rights of each equally protected.

The motion for a new trial should be denied and judgmen ordered for plaintiffs on the verdict with costs.