PEOPLE *ex rel.* NELSON V. JEFFERDS, appellant.

*Highways — ministerial acts of commissioners — Mandamus.*

All the proceedings for the laying out of a highway were duly had and taken, according to law, except the making and signing of the written order and filing the same in the town clerk's office. *Held,* that these acts were ministerial, and their performance by the commissioners of highways could be enforced by mandamus.

APPEAL from a judgment of the special term awarding a peremptory mandamus, commanding the defendants to make, sign and file, in the town clerk's office, an order laying out a certain highway in their town, and to proceed with all diligence to cause the relator's damages to be assessed, and the highway to be opened and worked. The proceeding was instituted in Putnam county, on behalf of Joshua Nelson against Wallace Jefferds and two others, commissioners of highways of the town of Phillipstown in said county. All the material facts appear sufficiently in the opinion.

*E. Cooke,* for appellants, cited *Marble* v. *Whitney,* 28 N. Y. 297 ; *People* v. *Hynds,* 30 id. 470 ; *People* v. *Williams,* 36 id. 441 ; *Stewart* v. *Wallis,* 30 Barb. 344 ; *Doughty* v. *Brill,* 3 Keyes, 612 ; *Spicer* v. *Slade,* 9 Johns. 359 ; *People* v. *Supervisors of Dutchess,* 1 Hill, 50.

*E. Wells,* for respondent.

TALCOTT, J.    The judgment in this case awards a peremptory mandamus to the commissioners of highways of Phillipstown, commanding them to make, sign and file in the town clerk's office an order laying out the highway in question, and to have the relator's damages assessed, and to cause the highway to be opened and worked according to law.    According to the findings of the judge who tried the cause, all the proceedings for the laying out of the highway in question were duly had, and taken according to law, except the making and signing of the written order, and filing the same in the town clerk's office; but that the making out, signing and filing of the written order was omitted by the commissioners through neglect or ignorance.    After the determination of the

commissioners to lay out the highway, no appeal having been taken therefrom, they applied to the county court for an order appointing commissioners to assess the damages occasioned by the laying out of said highway. Such commissioners were duly appointed, and proceeded in the discharge of their duty; but, for some reason not explained, either in the case or in the findings, they proceeded to assess the damages of John Travis alone, and omitted to assess those of relator, a portion of whose land was also taken, and who was entitled to have his damages for such taking assessed, and paid to him according to law. The defense of the commissioners, to the application for the mandamus, is negatived by the findings as to all questions of fact, except as to the omission to make, sign and file the order or certificate of their decision to lay out the highway, and, on their omission to do this, they seem to base their claim to resist the attempt of the relator to obtain an appraisement of his damages. The determination to lay out the road was a judicial act. The making of the necessary record of that determination, when arrived at, was ministerial, and as to such acts, the specific thing to be done may be directed by mandamus. *Woolsey* v. *Tompkins*, 23 Wend. 324; *Carpenter* v. *County Commissioners of Bristol*, 21 Pick. 259; *People* v. *Judges of Dutchess C. P.*, 20 Wend. 658. We think the peremptory mandamus was properly issued in this case, and the judgment appealed from must be affirmed, with costs.

*Judgment affirmed.*