ANDREW SATTERLY, Respondent, *v.* ROBERT WINNE, Appellant.

In proceedings under the statute (Chap. 174, Laws of 1853) to lay out a private road, exact and technical accuracy is not required, but simply a substantial compliance with the statute.

A description in an application by reference to a private way used by permission of the owner of the land for a great number of years, so that it has come to be called a road, is sufficiently definite.

The statute does not require that the courses shall be specified by the compass in degrees and minutes; and where the general course is given, as easterly, etc., and the exact course and distance can be determined from other particulars in the application, or by natural monuments referred to therein, the statute is substantially complied with.

An application for a private road gave the width of the proposed road, and described it as "beginning at a pair of bars at the westerly terminus of a road known as the Winne road," a private way so called which

had been used with the consent of the owner for over sixteen years, and by such user had become plainly marked on the ground; the description continued, " running from thence (said bars) easterly along the bed of the said Winne road," and the distances also were given approximately. *Held*, that the center line of the " Winne " road-bed must be considered as intended to be the line described in the application; and that the reference to said road was a sufficient specification of location, courses," etc., as required by the statute.

Where an order of commissioners laying out a private road was indefinite and defective, but referred to the application, declaring that the commissioners had ordered the road to be laid out pursuant to the application, *held*, that the description in the application should be considered as incorporated in the order ; that it controlled and determined the *locus* of the road.

*It seems* if the jury in such proceedings find in favor of laying out the road, the commissioners are bound to lay it out as described in the application; they have no discretion either to refuse to lay it out, to change its location, or to depart in any respect from the road proposed by the applicants.

(Argued December 11, 1885; decided January 19, 1886.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, made December 16, 1882, which granted a new trial on exceptions ordered to be heard at first instance at General Term, the complaint having been dismissed on trial.

This was an action for trespass; the defense was that the *locus in quo* is a private road duly laid out and opened.

The material facts are stated in the opinion.

*John E. Van Etten* for appellant. If either the commissioners, or the referees, or the Supreme Court acquired jurisdiction of the subject-matter of the road proceedings, their adjudications cannot be collaterally impeached for any errors that may have occurred. (*Dobson* v. *Pearce*, 12 N. Y. 164 ; *People* v. *Com'rs*, 37 id. 363 ; *M. E. Church* v. *Mayor, etc.*, 55 How. 61 ; *Wiggin* v. *Mayor, etc.*, 9 Paige, 16, 20 ; *In re Arnold*, 50 N. Y. 26 ; *Dolan* v. *Mayor, etc.*, 62 id. 472 ; *Sherman* v. *Trustees, etc.*, 27 Hun, 392 ; *Elliot* v. *Peirsol*, 1 Pet. 328.) The petition or application for the road under the

statute, in the case of a private road, confers jurisdiction upon the commissioners in reference to the subject-matter, and controls any order they may make. (Laws of 1853, chap. 174, §§ 1, 12; 1 R. S. 517, §§ 127, 138; *Marble* v. *Whitney*, 28 N. Y. 297.) The description of the road as contained in the application was sufficiently definite and certain to uphold the proceedings upon a direct review. (*People* v. *Com'rs*, 37 N. Y. 360; *People* v. *Taylor*, 34 Barb. 481; *Haverman* v. *Tavy*, 50 How. 512; *People* v. *Albright*, 23 id. 306–310; *Coleman* v. *Manhattan*, 94 N. Y. 229; 18 Weekly Dig. 241; *Crocher* v. *Crocher*, 5 Hun, 587; *Van Bergen* v. *Bradley*, 36 N. Y. 317.) The center of the old road-bed will be intended to be the center line of the road laid out. (*People* v. *Com'rs*, 13 Wend. 310; *Herrick* v. *Stone*, 5 id. 580; *People* v. *Com'rs*, 1 Cow. 23; 37 N. Y. 360; *Johnson* v. *Loveless*, 18 Weekly Dig. 49.) Even if the commissioners did not acquire jurisdiction it was conferred on the referees by plaintiff's appeal. (*People* v. *Albright*, 23 How. 309; 1 R. S. 519, § 154.) The referees not only had power to have the proofs of allegations of the parties *de novo* upon the merits, but their decision, or that of any two of them, is conclusive in the premises. (1 R. S. 519, § 54; *People* v. *Com'rs*, 37 N. Y. 363; 2 R. S. [6th ed.] 162, § 154; *People* v. *Sherman*, 15 Hun, 579.) The defendant cannot, in this collateral action, treat the adjudications already had with contempt and as void for want of jurisdiction. (*People* v. *Diver*, 19 Hun, 263; *People* v. *Burton*, 65 N. Y. 453; *Dyckman* v. *Mayor, etc.*, 5 id. 440.) Had the commissioners' order been questioned before the referees, they had power to make such order as the commissioners should have made. (*People* v. *Albright*, 23 How. 310; *People* v. *Com'rs*, 8 N. Y. 476.)

*William Lounsbery* for respondent. The application for this private road not being in accordance with the statute was void and conferred no jurisdiction on the commissioner. (Laws of 1853, chap. 174, § 1, p. 308.) The requirement that notice of application shall be served upon the persons to whom

it is addressed is jurisdictional and cannot be waived or dispensed with. (*People* v. *Judges of Herkimer*, 20 Wend. 186; *People* v. *Robertson*, 17 How. 74; *People* v. *Suprs.*, etc., 36 id. 544.) The order is not in conformity with the statute because the road as described in it is not the road described in the application. (Laws of 1853, chap. 174, § 12; *People* v. *Taylor*, 34 Barb. 481.) The location of the road must stand upon the order made by the commissioners and not upon any designation subsequently made by them pointing out a location. (*Stewart* v. *Wallis*, 30 Barb. 344.)

ANDREWS, J. The question in this case turns upon the validity of the proceedings taken in 1877, to lay out a private road over the lands of the plaintiff and Samuel L. Satterly. If the road was legally laid out where the jury in fact intended to lay it out, and where it was staked out by the commissioners, the *locus in quo* of the alleged trespass was within the boundaries of the road, and the action cannot be maintained. The act of 1853 (Chap. 174, § 1) prescribes that an application for a private road shall be made in writing, "specifying its width and location, courses and distances, and the names of the owners and occupants of the land through which the road is proposed to be laid out." The application in this case was in writing, for the laying out of a private road, the width of one and a half rods, "beginning at a pair of *bars* at the westerly terminus of a road known as the 'Winne road,' on the easterly side of the old Kingston and Delaware Turnpike road, and which now leads from the corner, in the town of Shandaken, etc., and which said 'Winne road' leads from said road to a place called Dunderbark; and running from thence (said bars) in an easterly course along the bed of said 'Winne road' to the foot of a short hill near a small apple tree, about one hundred and twenty yards; there, leaving the old bed of said 'Winne road,' and continuing in an easterly course along the north side of the said hill about two hundred yards, and there again striking the bed of said 'Winne road,' near a thicket of hemlocks and laurels, on the north side of the road; thence in a northerly

course along the bed of said 'Winne road' to the lands of Samuel L. Satterly, about eighty rods; thence continuing in a northerly course along the bed of said 'Winne road' over the lands of said Samuel L. Satterly to the lands of William Satterly, about eighty rods, and which said proposed road is wholly in the said town of Woodstock (Ulster county), and runs through the lands of Andrew Satterly and Samuel L. Satterly."

It will be noticed that the application describes the proposed road as being in the town of Woodstock, county of Ulster, and the width, courses, distances and the *termini*, and further describes it as following the bed of the old " Winne road," except for the distance of about two hundred yards on the second course. The " Winne road " was a way across the lands of the plaintiff and his brother Samuel L. Satterly, which had been used for sixteen or eighteen years by the defendant, and others. It was plainly marked on the ground by such user, but had never been legally laid out, and its use by the defendant had been by the license of the owners of the land only. The description in the application, of the *termini* of the proposed road, is indefinite, except as they are made definite by the reference to the " Winne road." The point of commencement is the " bars," and the point of termination the " lands of William Satterly." But where the " bars " were located, and at what precise point upon the lands of William Satterly the road was to terminate, is made definite by the reference to the " Winne road," provided that road itself is such a definite monument as may be referred to, to make certain the indefiniteness of the description in other respects. The center line of the old road-bed must be intended to be the line described in the application. (*People ex rel. Hawver*, v. *Commissioners*, 13 Wend. 310.) The location of this center line will determine the exact *termini* of the proposed road. It was held in *People, ex rel. Thomas*, v. *Commissioners, etc.* (37 N. Y. 360), that a description of a proposed highway by reference to an established highway, was a sufficient description by " routes and bounds," under the General Highway Act. It is true that the description

of public highways is usually matter of public record, although this is not always the case, and what the fact was, in this respect in the case cited, does not appear. A private way by permission, not a matter of record, is a less certain monument than a recorded highway. But where such a way has been used for a great number of years, so that it has come to be called a road, there is little chance of uncertainty, and a description in an application by reference to such road gives substantial certainty to the description. The statute must doubtless be substantially complied with, but exact and technical accuracy in proceedings for the laying out of a private road, conducted, as they usually are, by persons not lawyers, cannot be expected. Few private roads would bear the test of a scrutiny which required a verbal and literal conformity to the words of the statute. We think the application did specify with sufficient distinctness the *termini* of the proposed road. The course and distance of each line are stated in the application. The courses are not given by the compass, and the distances are approximate. But these are also made certain by reference to the " Winne road," except where on the second course the proposed road leaves the " Winne road" for the distance of about two hundred yards. But natural monuments—the apple tree, the hill and the thickets of hemlock and laurel—mark the divergence and the point where the old road-bed again becomes the line of the new road. The statute does not require that the courses shall be specified by the compass in degrees and minutes, and where the general course is given in the application as easterly, or westerly, etc., and where the exact course and distance can be determined from other particulars in the application, or by natural monuments referred to therein, the statute is substantially complied with. We are of opinion, therefore, that the application conformed to the statute, and gave jurisdiction to the commissioners to call a jury, and authorized the jury to act upon the application. It is undisputed that the jury, before making their determination, proceeded, in presence of the commissioners, to view the premises ; that the proposed road was staked out, and

that the damages were assessed for the land within the boundaries so designated.

The most serious objection in the case arises upon the order of the commissioners laying out and describing the road after the jury had found that it was necessary, and had assessed the damages. The order in describing the road does not follow the description in the application. It describes the road as beginning at the *bars*, etc., " and then running an easterly course of nine hundred and eighty-eight feet, and then a north-east course, seven hundred and sixty feet, and thence bearing a little more east, three hundred and nine feet, thence bearing more north, two hundred and fifty-two feet," and so on. It is indefinite, and except that it refers to the application and declares that the commissioners had ordered that the road be laid out *pursuant to the application*, according to a survey made by them, would be incurably defective. The first course given in the order, running nine hundred and eighty-eight feet, embraces the first two courses in the application. The distance by measurement of the first two lines, as given in the application, is about one thousand feet. The inference from the description in the order, unaided by the application, would be that the first course of nine hundred and eighty-eight feet was a straight line, whereas in fact there is a bend in the road, as described in the application, before reaching the termination of the second course, and a straight line from the bars to the termination of the second course would leave the *locus in quo* outside the road. But if the description in the application is deemed to be incorporated into the order, the two descriptions can be substantially reconciled. It would then appear that the distance of nine hundred and eighty-eight feet was not a straight line, and so as to the other discrepancies and uncertainties in the lines specified in the order. We are of opinion that the description in the application is the controlling one and determines the actual *locus* of the way. In laying out a private road, if the jury find in favor of laying out the road, the commissioners are bound to lay it out as described in the application, and have no discretion either to refuse to lay out the road, or to change

its location, or to depart in any respect from the road proposed by the applicants. They have no power to decide any thing, but perform simply the ministerial functions prescribed in the twelfth section of the act of 1853. That section is as follows : " The commissioners shall annex to such verdict (of the jury) the application mentioned in the first section of this act, and hand the same to the town clerk, who shall file the same, and the commissioner or commissioners shall lay out and make a record of said road, as described in the petition of the applicant." It is true that the road certified by the jury does not become a legal private road until the commissioners have performed the duty imposed by this section. That the verdict and application were duly filed is not questioned. The commissioners made an order laying out the road. The order declares that it was laid out pursuant to the application. The description in the order does not follow the language in the application. But this we conceive cannot be essential, provided the description in the application is incorporated into the order by reference, and the two descriptions are not irreconcilably repugnant. While on the one hand we recognize the importance of the rule that proceedings *in invitum* to divest an owner of his property ought to be carefully watched so that no injustice be done, on the other hand we cannot fail to recognize the importance of the public policy, sanctioned by constitutional provision, which requires that facilities be furnished for private ways, so that the property of citizens may be made accessible. This policy will be best promoted by a fair and reasonable, instead of a strained construction of the statute authorizing the laying out of private roads, and we are of opinion that there was no defect which invalidated the proceedings in this case.

The point that the road ran across the land of one Evans, who was not named in the application, or notified, and whose damages were not assessed, is not supported by the evidence taken in this proceeding, and the point was not raised on the trial. If the question was before us, it would we think admit of great doubt whether the plaintiff could allege a defect or omission in the proceedings, affecting the right of a third person,

with whom he was not in privity, and who raises no question, and so far as appears makes no complaint.

We think the complaint was properly dismissed at the Circuit, and that the order of the General Term should be reversed and judgment entered for the defendant.

All concur.

Order reversed and judgment accordingly.