CLARE ET AL. v. THE PEOPLE.

1. Where the evidence in a criminal case is wholly circumstantial, it is error to instruct the jury that they need not be satisfied beyond a reasonable doubt of each link in ·the chain of circumstances relied upon to establish the defendant's guilt.
2. A charge containing two conflicting propositions of law upon a material point, one correct and the other incorrect, must be held erroneous, it being impossible to determine upon which proposition the jury relied.
3. To prevent reversal for error in the charge, it must appear that the. prisoner could not have been prejudiced thereby.
4. Where the title of a statute contains but one general subject, the addition in the title of subdivisions under that subject does not render the act obnoxious to objection under section 21, article V, of the constitution.

*Error to District Court, Clear Creek County.*

Messrs. TILFORD and GILMORE and R. S. MORRISON, for plaintiffs in error.

Mr. T. H. THOMAS, Attorney-General, for the People.

HELM, J.   Plaintiffs in error, being lessees of a mine, were tried and convicted of removing and concealing ore

therefrom with intent to defraud the owner thereof. The prosecution took place under section 2513 of the General Statutes. The evidence upon which the conviction rests is not contained in the abstract before us, but counsel agree that it was "wholly circumstantial." Two assignments of error are pressed for consideration.

One of the instructions given on behalf of the state contained, *inter alia*, the following:

"* * * That the rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt. * * *"

The proposition which the court doubtless intended to announce is that it was not necessary for the state to have proven beyond a reasonable doubt every circumstance offered in evidence, and tending to establish the ultimate facts or circumstances on which a conviction depended. This would have been, in our judgment, good law. But while such was the purpose which the court sought to accomplish, it is exceedingly doubtful if the language employed did not mislead the jury. The metaphor used is inaccurate, and liable to misconstruction. It is incorrect to speak of a body of circumstantial evidence as a *chain*, and allude to the different circumstances as the *links* constituting such chain; for a chain cannot be stronger than its weakest link, and if one link fails, the chain is broken. This figure of speech may perhaps be correctly applied to the ultimate and essential facts necessary to conviction in criminal cases, since if one be omitted, or be not proven beyond a reasonable doubt, an acquittal must follow. It is not true, however, that each and every of the minor circumstances introduced to sustain these ultimate facts must be proven with the same degree of certainty. Some of these circumstances may fail of proof altogether, and be discarded from consider-

ation by the jury, yet the ultimate fact to establish which they were presented may be shown beyond a reasonable doubt. The evidence in cases similar to the one before us has been more aptly likened to a cable. One, two, or a half dozen strands may part, yet the cable still remain so strong that there is scarcely a possibility of its breaking.

But the word "circumstance" and the word "fact" are frequently used interchangeably. In 1 Bouv. Dict. 569, they are given as synonyms, and instances sometimes arise when it would puzzle a professional philologist to tell which of the two words would more accurately characterize a given "action" or "thing done." In cases where the conviction depends upon circumstantial evidence, it often happens that one or more of the ultimate or essential matters may very appropriately be called "circumstances," and such matters, whether spoken of as circumstances or as facts, must be established by the state beyond a reasonable doubt. 1 Starkie, Ev. 501; *Com. v. Webster*, 5 Cush. 295.

The court in the instruction before us could not have referred to the latter class of circumstances, yet the danger is that the jury so understood him. They may not have distinguished between the minor circumstances and the ultimate circumstances or facts of the case. Since the circumstances mentioned in the charge are spoken of as "links in a chain," and designated as those "relied upon to establish defendant's guilt," it is not at all improbable that the jury regarded them as being — *First,* that defendants were lessees of the mine; *second,* that Ellen Olds was the owner thereof; and, *third,* that the ore was taken with intent to defraud such owner,— each of which propositions must, under the statute, have been established beyond reasonable doubt. It is true, in a sense, that every circumstance, however trivial, offered by the state in evidence, is *relied upon;* but it is true, in a broader sense, that the state *relies upon* the ultimate

facts or circumstances, the. establishment of which is absolutely essential to conviction. We deem it quite as reasonable to suppose that the jury misunderstood and misapplied the language used as that they comprehended its appropropriate meaning. and application. For this reason the judgment must be reversed.

It is no answer that other portions of the charge, and even other parts of the same instruction, stated correctly the law upon the subject of reasonable doubt. Where . the charge, in a criminal case contains in one part an important correct legal proposition, and in another an incorrect and conflicting proposition upon the same subject, the subject referred to being material to conviction, it cannot be said that the error is avoided ; for it is impossible to know upon which proposition the jury relied. To prevent reversal for error in the charge, it must appear that the prisoner could not have been prejudiced thereby. *Mackey v. People*, 2 Colo. 13; *People v. Campbell*, 30 Cal. 312; *Caw v. People*, 3 Neb. 369; *Greene v. White*, 37 N. Y. 407, and cases cited.

In view of a new trial, it becomes necessary to consider two other objections urged against the validity of the judgment. This prosecution was brought under an act entitled " An act to facilitate the recovery of ore taken by theft or trespass, to regulate sale and disposition of the same, and for the better protection of mine owners." Gen. St. 747.

It is urged — *First*, that the foregoing title contains more than one subject ; and, *second*, that the section under which this conviction took place deals with a subject not clearly expressed therein. Therefore, counsel contend that section 21, article 5, of the constitution, was here violated by the legislature in two particulars. The . latter section reads: " No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title. * * *" At first glance, three matters appear to be mentioned in

the title above quoted; but, upon examination, it will be seen that the first two are fully comprehended within the third.    Had the legislature been content to name the statute "An act for the better protection of mine owners," in our judgment both of the matters specifically mentioned would have been covered.    Provisions regarding the recovery of ore taken by theft or trespass, and also those regulating the sale and disposition thereof, would naturally be embraced within an act thus entitled. There being one general subject expressed, the fact that the legislature saw fit to incumber this title with two specifications under that subject does not render it obnoxious to the constitutional objection now urged.    One of the two purposes effectuated by this constitutional provision was to prevent uniting with each other in statutes incongruous matters having no necessary connection or proper relation; and where, as in the case at bar, one general subject be clearly expressed, the addition of subdivisions thereof does not necessarily vitiate the whole title.    Of course, an instance might exist where it clearly appeared that although the general subject were given in the title, yet the legislature intended to limit legislation under this subject to certain subdivisions thereof specifically mentioned.    Such, however, is not true in the case at bar.

Regarding the other objection, above mentioned, we need say but little.    The remaining purpose of the constitutional provision before us was to prevent imposition upon the legislature and the people, through the pernicious practice of dealing in bills with subjects of which the titles give no intimation.    But this constitutional inhibition must receive a reasonable interpretation, and whenever a matter contained in the statute may fairly be considered germane to the subject expressed by the title, it is sufficient.    See *Golden Canal Co. v. Bright*, 8 Colo. 144; Cooley, Const. Lim. 142–144.

Provisions with reference to the removing or conceal-

ing of ore by lessees of a mine with intent to defraud the owner, making such act a crime, and defining the punishment thereof, are, we think, fairly comprehended within the title of "An act for the better protection of mine-owners." It is doubtful if a more appropriate method could be devised of guarding the interests of such property holders against this kind of larceny. Such a penal provision is clearly germane to the subject named.

For the error above mentioned in instructing the jury the judgment is reversed.