Learned, P. J.
This is an action of trespass on land, commenced in a justice’s court and removed to the supreme court on plea of title. The alleged trespass was a tearing down a fence and digging open a ditch. The defendant defended on the ground that the place was a public highway, and that he, as commissioner of highways, was removing an obstruction and nuisance.
There seems to be no doubt that there had been for over fifty years a highway, at least by user. The exact position, or more accurately, the exact boundaries, were perhaps not free from doubt. The ditch in question, or much of it, ran at the side of the traveled road.
The defendant gave in evidence an application to the commissioners of highways and an order made by them thereafter, dated Junó 15, 1819, intended to show an alteration and establishment of the road in question. The plaintiff objected that these papers were void for uncertainty in the description and location of the road. The order describes the road as beginning “a little to the east of the house of John Shafer.”
(It may be noticed that in the printed case the word “ south ” seems to have been omitted in the third and fourth courses. But the testimony of Mr. Brewster indicates that the word is in the order, and probably the omission is in the printing, as it is not referred to in the points.)
Now, even if we admit that in a direct proceeding the *331 order laying out this road might be reversed for the uncertainty in the description, (People ex rel Waters v. Diver, 19 Hun, 263), still it does not follow that an order over fifty years old should be rejected as void when a highway has been used in supposed conformity with it. Indeed the description is more definite than that in Satterly v. Winne (101 N. Y., 218). So too, the fact that this application and order were recorded in the town clerk’s office, as it would appear, in 1819, authorized the introduction of the record in evidence without further proof tnat the persons named therein were then commissioners of highways.
Whether the surveyor sufficiently identified the description with the alleged road is another question.
The plaintiff urges that the defendant should have proved that he was a commissioner of highways de jure, and not merely de facto. The question put to defendant was: “ Were you the commissioner of the town of Wright then ?” This was objected to on the ground above stated.
Now, the doctrine as to de jure and de facto officers is briefly that when the alleged officer is suing or defending he must show not merely that he was acting as such officer, but that he was such officer. But that rule does not necessarily touch the mode of proof. Thus it is said by Greenleaf that, by an exception to the ordinary rules rejecting secondary evidence, “It is not in general necessary to prove the written appointment of public officers,” * * * “whether the officer is or is not a party to the record.” 1 Greenleaf’s Evidence, 92.
On this principle the testimony of defendant that he was commissioner of highways was secondary evidence of that fact. It was prima facie proof of the fact, but not conclusive. Had the plaintiff shown that the defendant was not lawfully elected, then the fact that defendant was acting as commissioner would not have justified his alleged trespass. And in that respect the defendant could not rely on his de-facto character as a third party might do. But the question is. How may defendant prove his de jure character? On that, according to the rule just cited, secondary evidence is admissible. And the objection which was made did not touch the point that the evidence was secondary. It assumed that the answer would be no answer at all of defendant’s de jure character.
The court did not hold that if defendant were acting as commissioner such action would enable him to justify the alleged trespass. But the court held that secondary evidence was admissible (especially when the objection was not specifically taken) to show that defendant was a lawful commissioner. We think there was no error in this. •
When the defendant rested the plaintiff asked the court *332 to direct a verdict for the plaintiff on the ground not having proved an obstruction to the road, but at most has proved an encroachment, and if it be an encroachment defendant has not taken the necessary steps. It is very possible that all encroachments are not obstructions. Howard v. Robbins, 1 Lans., 63. But that which does obstruct public travel may be summarily removed by the commissioner. Cook v. Harris, 61 N. Y., 448.
And on looking at the evidence we think that the court could not have said that there was no obstruction. It was claimed that the obstruction placed in the ditch threw the water upon the highway and made it somewhat bad to travel. Now it is plain that a wet place across a road is in the nature of an obstruction rather than encroachment. It may be so wet as to be a complete obstruction.
In this connection the plaintiff calls attention to the language of the court in its charge, which was excepted to, viz.: that the obstruction of the ditch was such an obstruction to the highway as to authorize the commission to remove it. The court qualified that by saying: 1 ‘If they find the obstruction of the ditch did obstruct the highway to such an extent as to render passage across it less convenient. Thus explained we see no error in the language. The court said that the jury must find that the highway was obstructed so as to render passage less convenient. And it is plain that if the filling of the ditch did throw water on the highway, this would not be an encroachment, but an obstruction, if it was anything.
The court submitted it to the jury to decide whether the place in question was a highway,, either as shown by the survey following the order laying out the road or as shown ■' by user. On the last point the court charged that though the ditch was not traveled in, yet if it had been used for all this time (over twenty years) for draining the surface water of the road or confining the spring water outside of the road, such user taken in consideration with the user of the road would amount to a user of the ditch. The plaintiff seems to have intended to except to this. But it seems to us that the charge is correct.
Undoubtedly, if the highway depends on user, then the user must be shown. But the question was whether this ditch had not been used, not of course to travel in, but to keep the water from that part on which people traveled. If a highway were raised many feet above adjacent land it might be impossible to travel on the supporting slopes. Yet such slopes might be found by a jury to have been used as a part of the highway.
In Cranston v. N. Y. C. R. R., reported in 4 N.Y. St. Rep., 300, better and more fully reported in 35 Alb. Law Jour., 158, *333 the trial court had charged the jury): “No juror ought to remain entirely firm in his own conviction, one way or the other, until he has made up his mind beyond all question that he is necessarily right and the others are necessarily wrong.”
The court thus stated that, until the juror had reached a conviction beyond all question that he was right, he should not remain entirely firm in his mind.
But the court of appeals decided that this was error. If this statement by the trial court was error, then the contrary must be the law. It is, therefore, the duty of a juror to remain entirely firm in his own conviction, one way or another, even before he shall have made up his mind beyond all question that he is necessarily right and the others are necessarily wrong. It seems then to be the duty of such juror to retain his own conviction even though it is one not beyond all question in his mind. We are unable to see how there can be any lawful change of opinion among the jury if every juror ought thus to remain firm in his own conviction. The only chance for agreement then is that when they retire all should have the same conviction, or should then have none at all. Mutual discussion to modify conflicting opinions is at an end.
The charge in the present case is strikingly like that in the case just cited.
In that the court said: “You must get together.” In this: “You ought to agree.” In that: “No juror ought to remain entirely firm in his own mind, one wny or another, until he has made up his mind beyond question,” etc. In this: “No juror should make up his mind that he will stand by his opinion forever, that he will listen to no suggestion of his fellows, but simply stand in his traces and remain there stalwart and stolid.”
The idea in each charge is the same, and in each the remarks were made after the jury had returned and said that they could not agree. If any exception then had been taken to this part of the charge, whatever our own views might be, we do not see why it would not fall under the decision in the case just cited. But no exception was taken by either party.
The plaintiff urges that on the whole case a new trial should be granted. We have examined the case as far as we can. It presents a controversy in which it is difficult for an appellate court to understand the facts with accuracy, and in which we think that the trial court and the jury have a much better understanding than we can have. The questions of fact are such that there is a good deal of uncertainty; and as the case has once been fairly tried, we see no reason to disturb the result.
*334 Judgment and order affirmed, with costs.
Landon, J., concurs; Mayham, J., not acting.