PEOPLE *ex rel.* ECKERSON *et al.* *v.* BOARD OF TRUSTEES OF VILLAGE OF HAVERSTRAW.

(*Supreme Court, General Term, Second Department.*   July 22, 1892.)

1. LAYING OUT ROAD—DAMAGES—VILLAGE TRUSTEES.
   The act creating the village of Haverstraw authorizes the village trustees to "cause a jury of six freeholders to be summoned to determine and award damages" for laying out a road.   *Held*, that the trustees may direct the sheriff to summon the freeholders, or may name the freeholders and direct an officer to summon them, or may direct an officer to summon six freeholders without naming any particular person.

2. SAME—EVIDENCE.
   In proceedings by village trustees to lay out a road, evidence is admissible to show what part of the road was used as a highway before the order laying out the

road was made; the landowner being entitled to pay for such part of his land as was taken by the order.

3. SAME—DESCRIPTION OF ROAD.

     An order of village trustees laying out a road is sufficient where the center line of the road is accurately given, and the width is specified as 25 feet on each side of such line.

*Certiorari* on the relation of James Eckerson and others to review the action of the board of trustees of the village of Haverstraw in laying out a road within said village on the lands of relators, and taking for that purpose a strip of land 50 feet wide and 90 feet long, extending from the center line of Warren avenue southerly. Order and proceedings laying out the road affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*C. Frost,* for appellants. *Alonzo Wheeler,* ( *Wm. McCauley, Jr.,* of counsel,) for respondent.

BARNARD, P. J. The order laying out the road in question was legal. The center line of the road was accurately given, and the width of 25 feet on each side of said center line. This was sufficient. *People* v. *Commissioners,* 13 Wend. 310.

The jury to assess the damages were properly obtained. The act under which the village of Haverstraw was created authorizes the trustees to "cause a jury of six freeholders to be summoned to determine and award such damages." This provision is so general that it may be executed in several ways. The trustees might direct the sheriff of the county to summon a jury of six freeholders, or the trustees might name the freeholders, and direct an officer to summon them, or the order might direct an officer to summon six freeholders, without naming any particular persons. This last order was made by the trustees. The general law in respect to opening roads by commissioners of highways authorizes the commissioners to apply to any two justices of the peace of the town, who shall issue their warrant to a constable of some other town to summon twelve freeholders, from which panel a jury of six is to be drawn to assess the damages. Laws 1870, c. 291, tit. 7, § 4. This act makes the trustees commissioners of highways for the village, and requires the trustees to cause the jury to be summoned, but reduces the number to six. There are no village justices of the peace. The village act provides for an appeal to the county judge, and a rehearing before three freeholders of the county, but not residents of the village. The trustees are substituted for the justice to issue the precept, and the constable is to summon the jury of six freeholders, in analogy with the proceedings in ordinary cases of laying out roads in towns.

The objection to the proof taken before the jury, as to what part of this road had been used as a highway before the order was made, was unfounded. The landowner was to be paid for such part of his land as was taken by the order, and the only way possible by which this was to be ascertained was by proof. Such proof is justified by the case of *Baldwin* v. *City of Buffalo,* 35 N. Y. 375. It was unimportant whether or not the president of the trustees directed a fence to be built along a part of the premises in dispute. The other objections to evidence are based upon the assumption that when a road is laid out, and a part of it was a highway before, evidence addressed to the ascertainment of the value of the land taken is inadmissible. This point has already been considered.

The order and proceedings should be affirmed, with costs.