23  259
23  263
23  259
e31  -119
23  259
32  313

THE MOLLIE GIBSON CONSOLIDATED MINING AND MILLING
COMPANY v. SHARP.

1. CONSTITUTIONAL LAW—TITLE OF ACT.

The title of the damage act of 1877, being " An Act Concerning Damages,
and to Repeal An Act Concerning Damages, Approved February 8,
1872," is not obnoxious to the requirement of the constitution relat-
ing to titles of bills.

2. SAME.

It is a sufficient compliance with the constitutional requirement if the
provisions of the act are germane to the general subject expressed
in its title.

3. SAME.

That a statute has been long and frequently enforced without question
as to its constitutionality is to be considered as a circumstance of
more or less weight in determining its validity.

*Error to the Court of Appeals.*

Mr. JAMES H. BROWN and Mr. MILTON SMITH, for plain-
tiff in error.

Mr. CHARLES R. BELL, Mr. CHAS. J. HUGHES, JR., and
Mr. TYSON S. DINES, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This case is here upon writ of error to the judgment of the
court of appeals affirming a judgment of the district court of
Pitkin county in favor of the defendant in error. The action
is under our damage act (Mills' Ann. Stats., p. 1003, *et seq.*),
and was brought by the plaintiff, as the father of William
Sharp, deceased, who met his death as the result of the neg-
ligent acts of the plaintiff in error in failing to provide in its
mine for its employés (of whom deceased was one) a reason-
ably safe place in which to work.

The amount of the judgment is not sufficient to entitle the
plaintiff in error to a hearing in this court, but jurisdiction

.is invoked on the ground that the determination of a constitutional question is necessarily involved.

The act of 1877, upon which the right of the plaintiff depends, is said to be in violation of section 21 of article 5 of the constitution, which provides that " No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title ; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The act is entitled " An Act Concerning Damages, and to Repeal An Act Entitled 'An Act Concerning Damages,' Approved February 8, 1872." It is conceded that sections 1, 3, 4 and 5 are germane to the title and directly connected with the general subject of damages. Section 2, however, is said to come within the inhibition of the constitutional provision in question. Counsel for plaintiff in error thus state their objections : *First*, there are in this act two distinct and separate subjects legislated upon under one title ; *second*, the subject-matter of the act is not clearly expressed in the title ; *third*, the provision of the statute in the creation of a new right is not germane to, or embraced within, the title of this act ; *fourth*, the title is calculated to mislead as to the substance of the enactment.

These separately numbered propositions may well be treated together. If the foregoing contentions are true, the act cannot be upheld, and a large number of authorities are cited to this effect. These authorities we have examined, and, without any attempt to review them, it is sufficient to say that most of them are not at all pertinent to the facts of this case, and but few aid us in the solution of the question before us.

Briefly let us consider the scope and object of this act. For injuries inflicted by the wrongful act of another, and resulting in the death of the injured party, the right to recover damages against the wrongdoer is given to persons occupying certain relations to the deceased. Section 1 applies only

to wrongdoers who are common carriers of passengers; section 2 includes all other wrongdoers; the other sections relate to the time within which actions are to be brought, and the amount of the recovery. For the purposes of this case it is immaterial whether, as plaintiff in error contends, section 2 creates a new cause of action, or, as maintained by defendant in error, that it merely transmits causes of action which otherwise would abate. To one concerned to know the civil liability in this state of one for wrongful injuries committed upon another so that the latter dies, whether the inquirer be lawyer or layman, he naturally would expect to get his information from a statute treating of damages. If he found one whose title specifically restricted the legislation to damages for injuries resulting in death, he might well stop there. But he would have no constitutional right to insist that the general assembly should, in the one act with a limited title, exhaust legislation upon this particular branch of damages.

Under the broader and more comprehensive title at the head of the act we are now considering, the same subject-matter, which is but a subordinate branch of the general subject of damages, may properly be treated. The attempt of counsel to separate into two distinct subjects the provisions of this act savors too much of subtlety to meet our approval. It is not susceptible of the construction that the right or cause of action it confers is one subject, and the awarding of damages for the violation of that right is another and distinct subject. If any such division of this subject into two branches can be made at all, and if, in any sense, they are different, nevertheless they are directly connected, one with the other; each is germane to the general subject of damages, and the two are altogether congruous and naturally connected.

That all the provisions of this act are clearly expressed in the title seems to us too plain for argument, as do the conclusions which we have reached upon the other phases just considered. In support, however, of these conclusions, are

the principles clearly established in the following, among many other, authorities we might cite: *Clare v. The People,* 9 Colo. 122; *Golden Canal Co. v. Bright,* 8 Colo. 144; *Edwards v. D. & R. G. R. R. Co.,* 13 Colo. 59; *In re Breene,* 14 Colo. 401; *Catron v. Comm'rs,* 18 Colo. 553; *Airy v. The People,* 21 Colo. 144; Cooley's Const. Lim. (6th ed.) 170, *et seq.; State ex rel. Atty. Gen. v. Miller,* 100 Mo. 439; *Jonesboro City v. Cairo & St. Louis R. R. Co.,* 110 U. S. 192; *Carter County v. Sinton,* 120 U. S. 517; *Richards v. Land Co.,* 54 Fed. Rep. 209; 23 Am. & Eng. Ency. of Law, 349; *Donnersberger v. Prendergast,* 128 Ill. 229.

We may further observe that the act in question seems to be copied from the statutes of Missouri (chap. 49, Rev. Stats. 1889); so, also, section 21 of article 5 of our constitution is taken from the constitution of Missouri (sec. 28, art. 4). The validity of this statute upon the ground here asserted seems never to have been questioned either in Missouri or (previous to this case) in this state, although in both states many important cases have arisen under it and been carried to the highest courts. This, of itself, of course, is not controlling; but where, as in this case, a statute so often relied upon has been so long unquestioned, it is significant as indicating the general understanding of the profession as to its soundness, and is of more or less weight because of such long acquiescence in determining its validity upon the contested ground. *Continental Improvement Co. v. Phelps,* 47 Mich. 299; Cooley's Const. Lim. (6th ed.), 81; *Frey v. Michie et al.,* 68 Mich. 323.

There are other questions assigned and argued by counsel to which we have given careful attention. In the opinion of the court of appeals, reported in 5 Colo. App. 321, is found an elaborate discussion thereof. With the conclusions there reached we are in accord. Further consideration of such alleged errors is therefore unnecessary. The constitutional question not having been thoroughly considered by that court, for the reason, given by President Judge Bissell in the opinion, that the final determination of such a question

did not rest with that tribunal, we have confined our discussion to that feature of the case.

It follows that the judgment of the court of appeals should be affirmed, and it is so ordered.

*Affirmed.*