[No. 4569.]

.HECHT v. WRIGHT.

**Jurisdiction of Supreme Court—Constitutional Question—Contracts—Sale of Watered Milk.**

An action for milk delivered under a contract, where the defense was that the milk was watered, does not involve a constitutional question so as to give the supreme court jurisdiction to review a judgment therein, on the ground that but for section 69 of the act of 1893 (Session Laws 1893, page 394), making it unlawful to sell watered milk, plaintiff would have had a right to recover even though the milk delivered was watered, and that said act is therefore in violation of the constitution as impairing the obligation of contracts. Neither does it involve a debatable constitutional question on the ground that said act embraces more than one subject.

*Appeal from the District Court of Arapahoe County.*

Mr. W. HENRY SMITH and Mr. •O. A. ERDMAN, for appellant.

Messrs. GOUDY & TWITCHELL, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The appellant began suit in the district court of Arapahoe county to recover the sum of $394.90 for milk delivered to the defendant in April and May, 1901, under a written contract, in part as follows:

"Broomfield, Colo., Feb. 1, 1901. This agreement, entered into between Mrs. Mary Wright, party of the first part, and Chas. Hecht, party of the second part. The party of the first part agrees to buy·

all of the party of second part's milk for one year, at the following prices   *   *   *   The milk to be delivered at factory at Broomfield every morning.''

The defendant answered that the milk delivered to her under this contract had been adulterated by the plaintiff by the addition of large quantities of water; and she filed a cross-complaint for damages on account of such adulteration. Judgment was rendered in favor of the defendant for the sum of $200, and the plaintiff appeals to this court.

A motion is now made to dismiss the appeal, for the reason that the amount involved is not large enough to give this court jurisdiction. It is contended by the appellant that we have jurisdiction because his rights in the litigation are to some extent controlled by an act of the legislature approved April 17, 1893, entitled: ''An act to preserve the public health, to create local boards of health, to define the duties and powers of such boards, and to make certain acts misdemeanors, and provide for the punishment thereof, and to repeal all acts in conflict herewith,'' section 69 of which is in part as follows: ''It shall be unlawful for any person, either by himself or agent, to sell or expose for sale within the state of Colorado any unwholesome, watered or adulterated or impure milk.'' He questions the constitutionality of this act upon the grounds that it impairs the obligation of contracts within the meaning of the federal and state constitutions, and that more than one subject is embraced within the act.

The statute was passed long before the contract was made. The contract was not for the sale of milk and water, but the appellant secretly and fraudulently mixed water with the milk that he delivered. The appellant's contention is that the contract not being for the sale of pure milk, there being no warranty of quality, the defendant having had an oppor-

tunity to examine the milk as it was delivered and having accepted it, he would have been entitled, if there were no such statute, to recover from the appellee the price named in the contract; but that because of the statute, under the rule of law that a person may not found his cause of action upon his own violation of a prohibitive statute, he was prevented from recovering even for the milk contained in the solution delivered. If this be true, it is not such an impairment of the obligation of contracts as is prohibited by the constitution of the United States or of this state. The so-called impairment of obligation arises rather from the rule of law above stated, which is universally recognized and enforced, than from the statute complained of.

It was held in *Clare v. People,* 9 Colo. 122, that, "Where the title of a statute contains but one general subject, the addition in the title of subdivisions under that subject does not render the act obnoxious to objection under section 21, article 5, of the constitution." And it has been held that it is a sufficient compliance with the constitutional requirement if the provisions of an act are germane to the general subject expressed in its title.—*Mining Co. v. Sharp,* 23 Colo. 259; and cases there cited.

It follows that there is involved in this case no constitutional question that can be said to be fairly debatable, and the appeal is, therefore, dismissed.

*Dismissed.*