Appeal from an order of the Supreme Court, Steuben County (Joseph W Latham, A.J.), entered December 18, 2006. The order denied the application of plaintiff to compel defendants to empanel a jury to consider his application to lay out a private road.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the application is converted to a CPLR article 78 petition in the nature of mandamus, the petition is granted in part and respondent Superintendent of Highways of the Town of Hornellsville is directed to comply with Highway Law §§ 301, 302, 304, and 306 forthwith.
Memorandum: Plaintiff appeals from an order denying his application to compel defendants to empanel a jury to consider his application to lay out a private road. We note at the outset that *1254 plaintiff seeks relief pursuant to CPLR article 78 in the nature of mandamus to compel. In the interest of judicial economy, we convert the application to a petition (see CPLR 103 [c]), and we deem the parties to be petitioner and respondents. We conclude that Supreme Court erred in denying the petition in its entirety based on its determination that petitioner’s application was incomplete. Highway Law § 300 requires that an application for a private road specify its “width and location, courses and distances, and the names of the owners and occupants of the land through which it is proposed to be laid out,” and the record establishes that petitioner submitted that information in sufficient detail (see Satterly v Winne, 101 NY 218, 223-224 [1886]). Respondents’ contention with respect to the necessity of the road and the alternatives available to petitioner are issues of fact to be determined by a jury (see Highway Law § 301). Present — Martoche, J.P., Lunn, Fahey and Pine, JJ.